# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 4956 | **DATE** | 9/2/2008 |
| **CASE TITLE** | Moorish American Executive Sheik vs. Washington Mutual et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's case is hereby dismissed without prejudice for failure to state a claim. Plaintiff's motion to proceed in forma pauperis [4] is denied.

■[ For further details see text below.]   Notices mailed by Judicial staff.

# STATEMENT

    On August 29, 2008, pro se Plaintiff the Moorish American Executive Sheik Fiduciary Board filed a Complaint on behalf of the Moorish Science Temple of America against Defendants Washington Mutual, Cook County Sheriff's Office, the Chicago Police Department and "all known and unknown parties acting in concert." Plaintiff also seeks to proceed in forma pauperis in lieu of paying the $350 filing fee. *See* 28 U.S.C. § 1915(a)(1).

    Under 28 U.S.C. § 1915(e)(2), the Court must look beyond Plaintiff's financial status and review its claims to determine whether the action it alleges is frivolous or malicious, fails to state a claim on which relief may be granted, or if it is seeking damages from a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); *see also Flowers v. Columbia Coll. Chicago,* 397 F.3d 532, 535 (7th Cir. 2005). Here, Plaintiff's Complaint fails to state a claim upon which relief may be granted because the Complaint does not "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which is rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 506, 122 S. Ct. 992, 152 L.Ed. 2d 1 (2002) (quotation omitted); *see also Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1959 (2007) (plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level.").

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

Construing pro se Plaintiff's allegations liberally, *see Benders & Benders v. Bellows*, 515 F.3d 757, 767 (7th Cir. 2008), Plaintiff alleges that Defendants have taken Plaintiff's property and given Plaintiff deadlines to vacate the property. (R. 1-1, Compl. ¶¶ 9-10.) Plaintiff maintains that it has rights in the property at issue via the "Treaty of Peace and Friendship" that was originally signed in 1787. (*Id.* ¶ 12.) Accordingly, Plaintiff alleges that the Moorish American Moslems are the sole sovereigns and absolute owners and possessors of the property at issue. (*Id.* ¶¶ 14-15.)

Based on these allegations, Plaintiff's Complaint does not allege "enough facts to state a claim to relief that is plausible on its face" because these allegations are confusing and lack sufficient detail as to how Defendants are liable to Plaintiff. *See Bell Atlantic,* 127 S.Ct. at 1974. Accordingly, the Court dismisses Plaintiff's Complaint without prejudice because it fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i). The Court directs Plaintiff's attention to the Northern District Court of Illinois' Self-Help Assistance Program as described on the Court's website www.ilnd.uscourts.gov.